Dear Mr. Hannah:
This opinion is in response to your request asking:
 May Assistant Prosecuting Attorneys in first class counties not having a charter form of government be employed part-time and therefore be able to engage concurrently in private civil practice?
Section 56.067, RSMo, provides:
 In counties of the first class not having a charter form of government, the prosecuting attorney shall devote full time to his office, and, except in the performance of his official duties, shall not engage in the practice of law.
Section 56.151, RSMo, provides:
 1. The prosecuting attorney of all counties of the first class not having a charter form of government may appoint such assistant prosecuting attorneys, and may employ such investigators and stenographic and clerical help as he deems necessary for the proper discharge of the duties of his office, and may set their compensation within the limits of the allocations made for that purpose by the county court. The compensation for the assistant prosecuting attorneys, investigators and stenographic and clerical help shall be paid in equal installments out of the county treasury in the same manner as other county employees are paid.
 2. The assistant prosecuting attorneys shall possess the same qualifications and shall be subject to the same fines and penalties for neglect of duty or misdemeanor in office as the prosecuting attorney.
Section 56.360, RSMo, provides:
 It shall be unlawful for any prosecuting attorney or circuit attorney, or any assistant prosecuting attorney or any assistant circuit attorney, during the term of office for which he shall have been elected or appointed, to accept employment by any party other than the state of Missouri in any criminal case or proceeding; provided, that nothing in this section shall be deemed to preclude the officers specified in this section from engaging in the civil practice of law. Any violation of the provisions of this section shall be deemed a misdemeanor.
Clearly, § 56.067 prohibits the prosecuting attorney himself in counties of the first class not having a charter form of government from practicing law notwithstanding the provisions of § 56.360. Section 56.151 authorizes the appointment of assistant prosecuting attorneys in counties of the first class not having a charter form of government, and the fixing of their compensation, but does not prohibit the private practice of law by such assistants. Although § 56.151 provides that such assistant prosecuting attorneys shall possess the same qualifications as the prosecuting attorney, we do not view this requirement as prohibiting such assistants from engaging in the private practice of law. Clearly, § 56.360 prohibits such assistants from the private practice of criminal law but authorizes such assistants generally, if there is no other prohibition, to engage in the civil practice of law. Prior to the 1959 amendment of § 56.360, assistant prosecuting attorneys having jurisdiction of criminals within cities of 100,000 inhabitants or more were required to devote their entire time and energy to the discharge of their duties. This was construed to prohibit private practice by such attorneys. By comparison § 56.445, RSMo, which pertains to the office of the circuit attorney of the City of St. Louis provides that such circuit attorney and his assistants and associates devote their entire time and energy to the discharge of their official duties, but that such circuit attorney may in his discretion designate as many as seven of his assistants as provided in § 56.540, RSMo, as special assistant circuit attorneys, who may be allowed to engage in the civil practice of law.
It seems clear that there is no specific prohibition against assistant prosecuting attorneys in counties of the first class not having a charter form of government engaging in the private practice of law except for the quoted provision of § 56.360.
We conclude that assistant prosecuting attorneys in first class counties not having a charter form of government may be employed on a part-time basis and may be allowed to engage concurrently in private civil law practice.
CONCLUSION
It is the opinion of this office that assistant prosecuting attorneys in first class counties not having a charter form of government may be employed on a part-time basis and may concurrently engage in the private practice of civil law.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General